Bruce RAFFORD, Plaintiff–Appellant,

v.

SNOHOMISH COUNTY, a municipal corporation of the State of Washington, et al., Defendant–Appellee.

No. 08–35884.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2009.

Filed Oct. 27, 2009.

Lonnie Davis, Disabilities Law Project, Seattle, WA, for Plaintiff–Appellant.

Douglas J. Morrill, Snohomish County Prosecuting Attorney, Robert Tad Seder, Snohomish County Prosecuting Attorney's Office, Everett, WA, for Defendant–Appellee.

Before: RAWLINSON and CALLAHAN, Circuit Judges, and BURNS,* District Judge.

## MEMORANDUM **

Appellant Bruce Rafford (Rafford) sued Appellee Snohomish County (the County) for violations of the Americans with Disabilities Act (ADA) and the Rehabilitation Act because of the County's alleged failure to reasonably accommodate his hearing impairment during court proceedings involving Rafford's son. Rafford challenges the district court's dismissal of his claims for monetary damages premised on intentional discrimination.

The district court properly dismissed Rafford's claims for monetary damages because Rafford failed to present evidence that the County was deliberately indifferent to his request for a reasonable accommodation. *See Memmer v. Marin County Courts*, 169 F.3d 630, 633 (9th Cir.1999) ("[A] plaintiff at least must establish deliberate indifference to recover monetary damages under Title II of the ADA.") (citation omitted); *see also Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001), *as amended* ("[A] failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness.") (citations omitted).

County officials made reasonable attempts to provide an adequate assisted listening device for Rafford's use. In addition, the decision not to provide a "real-time" transcript was made by the presiding judge, whose dismissal was not challenged by Rafford.

**AFFIRMED.**

* The Honorable Larry A. Burns, U.S. District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.